GILCHRIST, The GEORGE. See Case No 5,333.

# Case No. 5,422.

## In re GILDAY.

[7 Ben. 491;[1] 11 N. B. R. 108.]

District Court, S. D. New York. Nov., 1874.

### COMPOSITION IN BANKRUPTCY—CALCULATING A MAJORITY.

In calculating a majority of creditors who approve of a composition, under the 14th section of the bankruptcy amendment act of June 22, 1874 [18 Stat. 178], creditors whose debts do not exceed $50, are to be reckoned in calculating the majority in value, but are not to be reckoned in calculating the majority in number.

[In bankruptcy. In the matter of John B. Gilday.]

Ulman & Remington, for bankrupt.

BLATCHFORD, District Judge. This is a question arising in proceedings for a composition. The bankrupt has 13 creditors whose debts are each over $50, and amount, in all, to $3,345.14. He has 5 other creditors whose debts are each not over $50, and amount, in all, to $146.51. The total debts of the 18 creditors amount to $3,491.65. The resolution for composition was duly adopted by a majority in number and three-fourths in value of the creditors of the debtor assembled at the first meeting. The resolution has been confirmed by the signatures of the debtor, and of 11 of the 13 creditors whose

[1] [Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

debts are each over $50, the debts of such 11 creditors amounting to $3,155.23. The resolution has also been confirmed by the signature of one of the 5 creditors whose debts are each not over $50, the debt of such one creditor being $34.43. The debts of the 12 creditors who have signed in confirmation amount to $3,189.66.

The statute provides that the resolution "shall be confirmed by the signatures thereto of the debtor and two-thirds in number and one-half in value of all the creditors of the debtor;" and that, "in calculating a majority for the purposes of a composition under this section, creditors whose debts amount to sums not exceeding fifty dollars shall be reckoned in the majority in value, but not in the majority in number."

The bankrupt has 18 creditors in number. Two-thirds in number of 18 creditors is 12. To make up the 12 requires the creditor whose debt is $34.43. Therefore, in making up two-thirds in number, taking 18 as the whole, one creditor whose debt does not exceed $50 is counted in the two-thirds. The bankrupt contends, that, if the 5 creditors whose debts do not exceed $50 each are to be reckoned as forming part of the whole number of which two-thirds is to be taken, so that such whole number is 18, then, as such of the 5 as do not sign in confirmation necessarily form part of the minority of one-third, any one of the 5 who signs in confirmation must be reckoned as forming part of the majority of two-thirds. If the 5 are to be excluded altogether, leaving 13 as the whole number, being the 13 whose debts each exceed $50, then, as 11 of those 13 have signed in confirmation, the necessary two-thirds in number of the 13 have signed. The converse of the view contended for by the bankrupt is, that the resolution must be confirmed by the signatures of two-thirds, or 12, of the entire 18, and that each one of the 12 must be a creditor whose debt exceeds $50, in which case this resolution has not been duly confirmed.

In the expressions, "in calculating a majority," and "the majority in value" and "the majority in number," in the statute, the word "majority" refers to and embraces everything previously spoken of in the section as a result to be arrived at by calculation. It embraces the "majority in number" of the creditors assembled at the first meeting. It embraces the "three-fourths in value" of such creditors. It embraces the "two-thirds in number" of all the creditors. It embraces the "one-half in value" of all the creditors. In making all the calculations for the purposes of the composition, whether it be to see whether a majority in number of the creditors assembled at the first meeting have passed the resolution, or whether three-fourths in value of such creditors have passed it, or whether two-thirds in number of all the creditors have confirmed it, or whether one-half in value of all the credit-

ors have confirmed it, "creditors whose debts amount to sums not exceeding fifty dollars shall be reckoned in the majority in value, but not in the majority in number."

But the question remains, as applicable to the present case—what is meant by not reckoning "in the majority in number" (that is, in the two-thirds in number, necessary to confirmation), creditors whose debts do not each exceed $50? There must be two-thirds in number of all the creditors. Does the statute mean, that the creditors whose debts do not exceed $50 each shall not be reckoned in or as part of the necessary two-thirds, such necessary two-thirds being two-thirds of all the creditors, as well those whose debts do not exceed $50 each as those whose debts do? Or does the statute mean, that, "in calculating a majority," that is, in making the calculation to see whether the two-thirds in number of all the creditors have signed the composition, creditors whose debts do not exceed $50 each shall not be reckoned in any part of the process of calculating, whether as part of the whole number of creditors, or as part of the necessary two-thirds in number?

If it should be held, that, in ascertaining the number of all the creditors, those having debts not exceeding $50 each must be reckoned, while in computing the assenting two-thirds of such whole number those having debts not exceeding $50 must not form part of such two-thirds, it might happen that no one of the creditors would have a debt exceeding $50. There would be numerous creditors, but, as no one of them could be reckoned as forming part of the two-thirds, the assent of two-thirds in number could never be obtained. Or, the numbers in the present case might be reversed. There might be 13 creditors with debts not exceeding $50 each, and 5 with debts exceeding $50 each. There would be 18 creditors in all, yet only 5 could ever be counted in the two-thirds, and thus there never could be the assent of two-thirds. The language of the statute is fully satisfied by a construction which avoids such a result. The meaning of the statute is, that, "in calculating a majority," creditors whose debts do not exceed $50 each shall be reckoned in calculating the majority in value, but shall not be reckoned in calculating the majority in number. It requires no strained reading of the language to insert the word "calculating," in each instance, between the word "in" and the words "the majority." Such is the sense, if the entire clause be read as a whole, without the insertion of the word "calculating" in those places, and the insertion of that word only makes more evident what is really the meaning of the clause as a whole.

As, in this case, the number of all the creditors to be reckoned was 13, because there were only 13 whose debts exceeded $50 each, and as 11 of those 13 signed in confirmation, the resolution was duly confirmed by the

signatures of two-thirds of the 13, and the proper order will be entered calling the second meeting of the creditors.